PROB. 12B
(7/93)

# United States District Court

## for the

## DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: DARRICK PALENCIA    Case Number: CR 01-00056HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence: 9/26/2001

Original Offense:   Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:  46 months of imprisonment followed by 3 years of supervised release. The following special conditions were ordered: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; 4) That the defendant is prohibited from incurring credit charges and lines of credit without the prior approval of the Probation Office; and 5) That the restitution of $352 is due immediately to American Savings Bank, 915 Fort Street Mall, 7th Floor, Honolulu, Hawaii 96813, Attention: Bert Corniel, and that any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his gross monthly income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Type of Supervision: Supervised Release    Date Supervision Commenced: 6/17/2004

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition**:    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of

supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

**Special Condition No. 1:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

On 10/9/2004, a Report on Offender Under Supervision (Probation Form 12A) notified the Court that the offender failed to pay at least 10 percent of his gross monthly income in accordance with the collection policy of the Probation Office for the months of June 2004, August 2004, and September 2004. This officer recommended that the Court not take action against the offender given that he was employed full-time, was compliant with drug testing and drug treatment, and appeared sincere about complying with the supervision requirements. Subsequently, the offender satisfied his Court-ordered restitution on 11/15/2004.

On 12/22/2004, a Report on Offender Under Supervision notified the Court that on 12/18/2004, the offender admitted that he smoked crystal methamphetamine on 12/15/2004. This officer recommended that the Court not take action against the offender given that he agreed to participate in individual drug treatment and the most intensive drug testing regimen. The Court agreed with this officer's recommendation.

On 3/3/2005, a Report on Offender Under Supervision notified the Court that the offender: 1) refused to submit to drug testing on 12/20/2004 and 1/25/2005, and refused to participate in drug treatment on 12/22/2004 and 1/19/2005; and 2) submitted urine specimens on 2/9/2005 and 2/13/2005 which tested positive for methamphetamine and amphetamine. This officer recommended that the Court not take action against the offender given that he agreed to enter residential drug treatment at Salvation Army's Adult Rehabilitation Center (ARC). The Court agreed with this officer's recommendation.

From 2/17/2005 until clinically discharged on 8/17/2005, the offender participated in residential drug treatment at ARC. Upon completion, the offender returned to his mother's Ewa Beach residence and subsequently secured employment. Additionally, the offender immediately renewed his relationship with his prior girlfriend. While the offender's girlfriend was not a felon, she was unemployed and maintained an off-and-on relationship with her children's father, a reported felon. This officer recommended the offender discontinue his relationship with the girlfriend given that she did not appear supportive of his recovery. In this regard, the offender's girlfriend was unemployed, "chose" to be unemployed, wanted the offender to financially support her, and would not participate in services with the offender through ARC.

Prob 12B
(7/93)

3

The offender continued his relationship with his girlfriend despite this officer's recommendation.

On 2/21/2006, the offender's mother reported that she contacted the Honolulu Police Department (HPD) to remove the offender's girlfriend from her residence. The offender's mother indicated that prior to contacting HPD, the offender and his girlfriend got into an argument which escalated to the point where the offender's girlfriend began throwing household items. When the offender's mother tried to intervene, the offender and his girlfriend argued with the offender's mother. The girlfriend also refused to leave the residence and indicated that she could hurt the offender's mother. HPD subsequently ordered the offender and his girlfriend to leave the residence. The offender's mother advised this officer that she was concerned that the offender was using drugs given that he had been missing work. She also advised this officer that the offender would not be allowed to reside with her.

Subsequently, this officer contacted the offender and questioned him about the incident at his residence. The offender downplayed the event and described it as a "little argument." The offender was instructed to stay away from his mother's residence and to report to the office the following morning.

On 2/22/2006, the offender's sister contacted this officer and reported that she was concerned that the offender had returned back to using drugs. Specifically, she reported that as in the past, the offender appeared "gaunt" in the face. She also noted that the offender was not going to work.

On 2/22/2006, the offender and his girlfriend reported to the Probation Office as directed. This officer questioned the offender regarding the 2/21/2006 incident at his mother's residence. The offender admitted that he argued with his mother and that his mother and girlfriend got into a shouting match. He also acknowledged that he also yelled at his mother. When questioned as to why he was missing work, the offender reported that he would return the next day. The offender's girlfriend also acknowledged that when "challenged" by the offender's mother, she indicated that she would hurt the offender's mother. This officer questioned the offender's girlfriend regarding her unemployment status. The girlfriend indicated that she was not interested in finding employment. Subsequently, this officer advised the offender that if he did not dissolve his relationship with his girlfriend, he could not return to his mother's residence and needed to find a new residence. The offender agreed and indicated that he would live with his brother.

This officer further advised the offender that given his current circumstances and the fact that he could not provide sufficient reason as to why he had been missing work, this officer was concerned that the offender may have returned to drug use. The offender denied that he was using drugs. Subsequently, the offender agreed that he would submit to random drug testing by this officer. The offender further agreed that should he test positive for illicit drugs, he would return back to substance abuse treatment.

Prob 12B
(7/93)

4

In support of the recommended modification, this officer notes that since his release from ARC in August 2005, the offender has not been tested for illicit drugs pursuant to U.S. v. Stephens. Given the offender's current situation and his history of substance abuse, the recommended modification will allow this officer to address the offender's risk to the community and his continued rehabilitation efforts.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives his right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modification and have no objections.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 3/9/2006

THE COURT ORDERS:

[✓]   The Modification of Conditions as Noted Above
[ ]   Other

HELEN GILLMOR
Chief U.S. District Judge

MAR 1 3 2006

Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for  years, for a total term of  years.
[✓]   To modify the conditions of supervision as follows:

**General Condition:**   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).*

**Special Condition No. 1:**   *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
DARRICK PALENCIA
Supervised Releasee

2/23/06
Date