Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court

**for the**

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 18 2006

at 3 o'clock and 4 min. P M
SUE BEITIA, CLERK

U.S.A. vs. DARRICK PALENCIA_____    Docket No. CR 01-00056HG-01_____

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Darrick Palencia, in Criminal No. CR 01-00056HG-01, who was placed on supervision by Chief U.S. District Judge Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 26th day of September, 2001, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant is prohibited from incurring credit charges and lines of credit without the prior approval of the Probation Office.

5. That the restitution of $352.00 is due immediately to American Savings Bank, 915 Fort Street Mall, 7th Floor, Honolulu, Hawaii 96813, Attention: Bert Corniel, and that any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his gross monthly income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

The offender's term of supervised release commenced on 6/17/2004.

On 3/14/2006, the Court modified the conditions of supervision as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).



SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 3/95 D/HI)

Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

On 5/23/2006, the Court modified the conditions of supervision as follows:

6.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of his supervised release (Probation Forms 7A and 12B attached) as follows:

1.  The offender admitted that he smoked methamphetamine on 12/15/2004, in violation of the General Condition.

2.  The offender consumed alcohol on 12/15/2004 while participating in a drug treatment program, in violation of Special Condition No. 1.

3.  The offender refused to submit to drug testing on 12/20/2004 and 1/25/2005, in violation of Special Condition No. 1.

4.  The offender refused to participate in drug treatment on 12/22/2004 and 1/19/2005, in violation of Special Condition No. 1.

5.  The offender admitted that he smoked crystal methamphetamine on 1/25/2005, in violation of the General Condition.

6.  The offender's 2/9/2005 and 2/13/2005 urine specimens tested positive for methamphetamine and amphetamine, in violation of the General Condition.

7.  The offender failed to follow the Probation Officer's 2/22/2006 instruction, and was untruthful to the Probation Officer's inquires on 3/7/2006, in violation of Standard Condition 3.

8.  The offender's 4/11/2006 urine specimen tested positive for methamphetamine, and the offender admitted that he used methamphetamine for approximately 1 month between March 2006 and April 2006, in violation of the General Condition.

9.  The offender refused to participate in drug treatment on 5/18/2006, 7/4/2006, and 7/11/2006, in violation of Special Condition No. 1.

10.  The offender refused to submit to drug testing on 7/13/2006, in violation of Special Condition No. 1.

Prob 12C
(Rev. 3/95 D/HI)

11.    The offender submitted "invalid" urine specimens on 6/29/2006 and 7/5/2006, in violation of the General Condition.

Based on the above, the U.S. Probation Officer recommends that a No Bail Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[  ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    7/17/2006

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 17th day of July, 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:    **PALENCIA, Darrick**
       **Criminal No. CR 01-00056HG-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 9/26/2001, the offender was sentenced to 46 months of imprisonment followed by 3 years of supervised release after having been convicted of Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony.

Since his release on supervision on 6/17/2004, the offender has violated the conditions of supervision as follows:

### Violation Nos. 1 and 2 - Admission of Methamphetamine Use and Alcohol Consumption on 12/15/2004:

On 12/17/2004, Hina Mauka - Waipahu (HM-W) informed this officer that the offender's 12/16/2004 urine specimen tested positive for methamphetamine with the non-instrumented drug testing device (NIDTD) - MCC kit. Because positive results with the NIDTD kits are considered "presumptive positive results," urine specimens are sent to Quest Diagnostics (QD) for confirmation. The offender's urine specimen was then sent to QD for confirmation.

On 12/18/2004, this officer interviewed the offender regarding the "presumptive positive" test result. The offender admitted that he smoked crystal methamphetamine on 12/15/2004. Specifically, he reported that he recently broke up with his girlfriend. After feeling sorry for himself and "stressed," he went to a strip club and consumed alcohol. While at the strip club, he met a female employee who sold him $50.00 of methamphetamine. The offender reported that he smoked the methamphetamine alone in the club and subsequently went home. The offender further related that he knew he would test positive for the drug on 12/16/2004, but did not want to "lie" about his drug use or "stall." This officer advised the offender that his admission of drug and alcohol use would be reported to the Court. The offender was further advised that he was in violation of his supervision and that further drug use and/or positive drug tests would not be tolerated. This officer then inquired whether the offender believed he could benefit from more drug treatment. The offender acknowledged that he would benefit from substance abuse treatment and agreed to see his prior drug counselor at HM-W for individual counseling. The offender also agreed to participate in the most intensive drug testing regimen.

On 12/23/2004, a Report on Offender Under Supervision (Probation Form 12A), informed the Court of the violations. The Court agreed with this officer's recommendation that the Court not take action against the offender given that he would participate in individual drug treatment and the most intensive drug testing regimen.

Re:  **PALENCIA, Darrick**
     **Criminal No. CR 01-00056HG-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 2**

### Violation Nos. 3, 4, 5, and 6 - Refusal to Submit to Drug Testing on 12/20/2004 and 1/25/2005; Refusal to Participate in Drug Treatment on 12/22/2004 and 1/19/2005; Admission of Crystal Methamphetamine Use on 1/25/2005; and Submission of 2/9/2005 and 2/13/2005 Urine Specimens Which Tested Positive for Methamphetamine and Amphetamine:

On 6/17/2004, the offender was processed for supervision. During the processing, this officer informed the offender that he was required to participate in substance abuse treatment and drug testing at HM-W. This officer further informed the offender that if he failed to attend substance abuse treatment or submit to drug testing, his failure would constitute a refusal to attend substance abuse treatment or a refusal to submit to drug testing. The offender acknowledged that he understood the supervision condition.

On 12/21/2004, HM-W informed this officer that the offender failed to submit to drug testing on 12/20/2004. On that same date, the offender was questioned as to his failure to submit to drug testing on 12/20/2004. The offender reported that he failed to call HM-W on 12/19/2004 to determine whether he needed to submit to drug testing on 12/20/2004.

On 12/23/2004, HM-W informed this officer that the offender failed to report to drug treatment on 12/22/2004 because of his employment. HM-W further informed this officer that the offender rescheduled his counseling session to a later date.

On 1/20/2005, HM-W informed this officer that the offender failed to report to drug treatment on 1/19/2005 because he fell asleep prior to his session.

On 1/26/2005, HM-W informed this officer that the offender failed to submit to drug testing on 1/25/2005.

On 1/26/2005, at approximately 8:10 a.m., this officer telephonically contacted the offender and questioned him about his violations. The offender asked if he could report to the Probation Office. He further reported that he "needed help" and that he had an interview at The Salvation Army Adult Rehabilitation Center (SAARC) on 1/27/2005. SAARC is a residential drug treatment program. This officer instructed the offender to report to the office by 4:00 p.m. on 1/26/2005.

At approximately 4:45 p.m., the offender appeared at the front of the courthouse. Because the business day had ended, this officer instructed the offender to report back

Re:   **PALENCIA, Darrick**
      **Criminal No. CR 01-00056HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

to the Probation Office on 1/27/2005. However, this officer inquired whether the offender was actively "using ice." The offender admitted that he was using the illicit drug, methamphetamine.

On 1/27/2005, the offender reported to the Probation Office as instructed. When questioned about his drug use, the offender reported that on 1/25/2005, he smoked "ice" after being fired from his employment the same day. He further reported that he purchased the drug from people he knew in Ewa Beach. This officer instructed the offender to contact SAARC because he needed to enter a residential drug treatment program. This officer also advised the offender that he was in violation of his supervision for refusing to submit to drug testing, refusing to participate in drug treatment, and using methamphetamine. This officer further advised the offender that the Court would be notified of his violations.

On 2/10/2005, HM-W informed this officer that the offender's 2/9/2005 urine specimen tested positive for methamphetamine and amphetamine with an NIDTD. The specimen was sent to QD for confirmation testing.

On 2/14/2005, QD confirmed that the offender's 2/9/2005 urine specimen was positive for methamphetamine and amphetamine.

On 2/14/2005, HM-W informed this officer that the offender's 2/13/2005 urine specimen tested "presumptive" positive for methamphetamine and amphetamine with an NIDTD.

On 2/18/2005, QD confirmed that the offender's 2/13/2005 urine specimen was positive for methamphetamine and amphetamine.

On 2/15/2005, the Federal Public Defender's Office informed this officer that the offender was admitted into SAARC's residential drug treatment program.

On 3/3/20005, a Report on Offender Under Supervision (Probation Form 12A), informed the Court of the violations. The Court agreed with this officer's recommendation that the Court not take action against the offender given that he entered SAARC, a residential substance abuse treatment program.

### Violation No. 7 - Failure to Follow the Probation Officer's 2/22/2006 Instruction, and Untruthful to the Probation Officer's Inquiries on 3/7/2006:

From 2/17/2005 until clinically discharged on 8/17/2005, the offender participated in residential drug treatment at SAARC. Upon completion, the offender returned to his

Re:    **PALENCIA, Darrick**
       **Criminal No. CR 01-00056HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**

mother's Ewa Beach residence and subsequently secured employment.  Additionally, the offender immediately renewed his relationship with his prior girlfriend.  While the offender's girlfriend was not a felon, she was unemployed and maintained an off-and-on relationship with her children's father, a reported felon.  This officer recommended the offender discontinue his relationship with the girlfriend given that she did not appear supportive of his recovery.  In this regard, the offender's girlfriend was unemployed, "chose" to be unemployed, wanted the offender to financially support her, and would not participate in services with the offender through SAARC.

       The offender continued his relationship with his girlfriend despite this officer's recommendation.

       On 2/21/2006, the Honolulu Police Department (HPD) removed the offender's girlfriend from the offender's residence because the offender and his girlfriend had argued to the point where other family members became involved.

       Subsequently, this officer contacted the offender and questioned him about the incident at his residence.  The offender downplayed the event and described it as a "little argument."  The offender was instructed to stay away from his mother's residence and to report to the office the following morning.

       On 2/22/2006, the offender and his girlfriend reported to the Probation Office as directed.  This officer questioned the offender regarding the 2/21/2006 incident at his mother's residence.  The offender admitted that he argued with his mother and that his mother and girlfriend got into a shouting match.  He also acknowledged that he also yelled at his mother.  When questioned as to why he was missing work, the offender reported that he would return the next day.  The offender's girlfriend also acknowledged that when "challenged" by the offender's mother, she indicated that she would hurt the offender's mother.  This officer questioned the offender's girlfriend regarding her unemployment status.  The girlfriend indicated that she was not interested in finding employment.  Subsequently, this officer advised the offender that if he did not dissolve his relationship with his girlfriend, he could not return to his mother's residence and needed to find a new residence.  The offender agreed and indicated that he would live with his brother.  Subsequently, this officer instructed the offender to contact this officer with his brother's Nanakuli address and telephone number.

       This officer further advised the offender that given his current circumstances and the fact that he could not provide sufficient reason as to why he had been missing work, this officer was concerned that the offender may have returned to drug use.  The offender denied that he was using drugs.  Subsequently, the offender agreed that he

Re:    **PALENCIA, Darrick**
       **Criminal No. CR 01-00056HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 5**

would submit to random drug testing by this officer.  The offender further agreed that should he test positive for illicit drugs, he would return back to substance abuse treatment.

On 3/7/2006, this officer visited the offender's mother's residence because the offender did not provide his new residence address and telephone number of his brother.  The offender's mother reported that although the offender had some personal belongings at her residence, he no longer resided at her apartment.

Subsequently, this officer contacted the offender and questioned him about his new residence.  The offender reported that he continued to reside with his mother.  This officer informed the offender that he was in violation of his supervision for not providing his brother's Nanakuli address and telephone number.  Additionally, this officer informed the offender that he was in violation of his supervision for being untruthful.  In this regard, this officer informed the offender that this officer visited his mother's residence and learned that he was not living there.  The offender subsequently admitted that he was staying at his girlfriend's residence.

On 3/13/2006, a Request for Modifying the Conditions of Supervision With Consent of Offender (Probation Form 12B), informed the Court of this officer's concerns regarding the offender's:  1) tenuous relationship with his girlfriend; 2) unstable work hours; and 3) sobriety from illicit drug use and requested the following modifications:

**General Condition**:    That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

**Special Condition No. 1:**    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

On 3/14/2006, the Court modified the offender's conditions of supervision as requested above.

Re:   **PALENCIA, Darrick**
      **Criminal No. CR 01-00056HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 6**


### Violation No. 8 - Urine Specimen Tested Positive for Methamphetamine on 4/11/2006, and Admission of Methamphetamine Use for Approximately 1 Month Between March 2006 and April 2006:

On 4/11/2006, the offender reported to the Probation Office as instructed. The offender submitted a urine specimen which tested presumptive positive with an NIDTD kit. The urine specimen was sent to Scientific Testing Laboratories, Inc. (STLI), for confirmation testing.

Thereafter, this officer questioned the offender regarding the urine test result. The offender admitted that he had been using methamphetamine for approximately 1 month. Additionally, the offender admitted that he last used methamphetamine on 4/9/2006. Upon further questioning, the offender related that he started using methamphetamine to keep him awake at night while at work at WalMart. In this regard, the offender reported that while waiting at his bus stop in Ewa Beach, he would purchase "ice" from unknown loiterers in the area and smoke the drug before boarding the bus to work. The offender further related that although he has the opportunity to sleep during the day, his mother's home is always busy because someone is always home. This officer informed the offender that he was in violation of his supervision and that the Court would be notified.

On 4/21/2006, STLI informed this officer that the offender's 4/11/2006 urine specimen was positive for methamphetamine and amphetamine.

On 5/4/2006, the offender reported to the Probation Office as instructed. The offender was advised that he would be placed back into substance abuse treatment and testing at HM - W. The offender was also advised that in light of his drug use, this officer would request the Court to modify his supervised release conditions to include a search condition. The offender agreed to the modification.

On 5/8/2006, a Request for Modifying the Conditions of Supervision With Consent of Offender (Probation Form 12B), requested the imposition of a search condition. On 5/23/2006, the Court modified the offender's supervision conditions as requested.

Re:    **PALENCIA, Darrick**
       **Criminal No. CR 01-00056HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 7**

**Violation Nos. 9, 10, and 11 - Refusal to Participate in Drug Treatment on 5/18/2006, 7/4/2006, and 7/11/2006; Refusal to Submit to Drug Testing on 7/13/2006; and Submission of "Invalid" Urine Specimens on 6/29/2006 and 7/5/2006:**

On 5/5/2006, the offender was referred to HM-W for drug treatment and drug testing.

On 5/31/2006, HM-W informed this officer that the offender failed to report for drug treatment on 5/18/2006.

On 6/28/2006, HM-W informed the Probation Office that although the offender was submitting "negative" urine specimens, his urine was "clear" in color. In this regard, HM-W suspected the offender was "flushing" his urine with excessive liquid consumption. Thereafter, the Probation Office authorized HM-W to submit the offender's subsequent urine specimens to STLI for further testing to determine whether the offender was submitting "invalid" urine specimens.

On 6/29/2006, HM-W informed this officer that the offender submitted a "negative" urine specimen which was sent to STLI for additional testing.

On 7/5/2006, HM-W informed this officer that the offender failed to report for drug treatment on 7/4/2006. According to HM-W, the offender telephonically reported that he "could not make it."

On 7/5/2006, HM-W informed this officer that the offender's 7/5/2006 urine specimen tested presumptive positive for methamphetamine and amphetamine. The urine specimen was subsequently sent to STLI for further testing.

On 7/7/2006, STLI reported that the offender's 6/29/2006 urine specimen was determined to be an "invalid" specimen due to "abnormal" levels of creatinine and specific gravity.

On 7/12/2006, HM-W informed this officer that the offender failed to report for drug treatment on 7/11/2006.

On 7/13/2006, STLI reported that the offender's 7/5/2006 urine specimen was determined to be an "invalid" specimen due to "abnormal" levels of creatinine and specific gravity. On that same date during the evening, this officer attempted to make contact with the offender at his residence. The offender's mother reported that she did not know of the offender's whereabouts.

Re:   **PALENCIA, Darrick**
      **Criminal No. CR 01-00056HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 8**


On 7/14/2006, HM-W informed this officer that the offender failed to report for drug testing on 7/13/2006. On that same date, this officer spoke with STLI's certifying scientist regarding the "invalid" 6/29/2006 and 7/5/2006 urine specimens. According to STLI, "abnormal" levels of creatinine and specific gravity are usually due to "flushing" or consuming excessive amounts of liquid(s) to dilute a urine specimen.

In light of the aforementioned violations, it does not appear the offender is amenable to supervision. Despite having ample opportunity to address his substance abuse problem, the offender continues to abuse methamphetamine. In this regard, the offender was afforded drug treatment upon his release for supervision; residential substance abuse treatment after reverting to active drug use; and post-residential, substance abuse treatment. Additionally, despite actively abusing methamphetamine from March 2006 to present, the offender does not see his drug use as a "problem." In this regard, when confronted regarding his substance abuse in April 2006, the offender rationalized his methamphetamine use as only a means to help him keep awake at work. He also indicated that he was not addicted to the drug and believed that he could stop using methamphetamine if he found daytime, rather than nighttime, employment.

In support of a request for a No Bail Warrant, this officer notes that the offender has completely disregarded drug treatment and testing sessions within the last 2 weeks of July 2006. Additionally, although not charged as a violation, the offender failed to report to the Probation Office on 7/3/2006 as instructed on 7/2/2006. In this regard, the offender left this officer telephone messages that he needed to work. Consequently, this officer does not believe the offender will respond to a summons.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer


Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 7/17/2006

DMK/pts

Re:    **PALENCIA, Darrick**
       **Criminal No. CR 01-00056HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 9**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

        There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

6/17/04

~~Robert~~ *release.*

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:     **DARRICK PALENCIA**
Address:

Docket No.  CR 01-00056HG-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor,  U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of 3 years commencing upon release from confinement.

While on supervised release, the defendant shall not commit another federal, state, or local crime.  The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*SEE ATTACHED.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) *Darrick Palencia*                                        3/23/04

DARRICK PALENCIA, Defendant                        Date

DEREK M. KIM                                                    3/23/04

Senior U.S. Probation Officer                              Date

PROB 7A
(Rev. 9/00, D/HI 7/02)

RE:    DARRICK PALENCIA
       Docket No. CR 01-00056HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1)    *That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

2)    *That the defendant is prohibited from possessing any illegal or dangerous weapons.*

3)    *That the defendant provide the Probation Office access to any requested financial information.*

4)    *That the defendant is prohibited from incurring credit charges and lines of credit without the prior approval of the Probation Office.*

5)    *That the restitution of $352 is due immediately to American Savings Bank, 915 Fort Street Mall, 7th Floor, Honolulu, Hawaii 96813, Attention: Bert Corniel, and that any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Darrick Palencia_     3/23/04
_____      _____
DARRICK PALENCIA, Defendant           Date

_____      3/23/04
DEREK M. KIM                          _____
Senior U.S. Probation Officer         Date

PROB. 12B
(7/93)

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 4 2006

at ____ o'clock and ____ min. __M
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  DARRICK PALENCIA          Case Number:  CR 01-00056HG-01

Name of Sentencing Judicial Officer:    The Honorable Helen Gillmor
Chief U.S. District Judge

Date of Original Sentence: 9/26/2001

Original Offense:    Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:   46 months of imprisonment followed by 3 years of supervised release. The following special conditions were ordered: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; 4) That the defendant is prohibited from incurring credit charges and lines of credit without the prior approval of the Probation Office; and 5) That the restitution of $352 is due immediately to American Savings Bank, 915 Fort Street Mall, 7th Floor, Honolulu, Hawaii 96813, Attention: Bert Corniel, and that any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his gross monthly income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Type of Supervision: Supervised Release     Date Supervision Commenced: 6/17/2004

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

**General Condition**:        That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of

supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

**Special Condition No. 1:**  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

On 10/9/2004, a Report on Offender Under Supervision (Probation Form 12A) notified the Court that the offender failed to pay at least 10 percent of his gross monthly income in accordance with the collection policy of the Probation Office for the months of June 2004, August 2004, and September 2004. This officer recommended that the Court not take action against the offender given that he was employed full-time, was compliant with drug testing and drug treatment, and appeared sincere about complying with the supervision requirements. Subsequently, the offender satisfied his Court-ordered restitution on 11/15/2004.

On 12/22/2004, a Report on Offender Under Supervision notified the Court that on 12/18/2004, the offender admitted that he smoked crystal methamphetamine on 12/15/2004. This officer recommended that the Court not take action against the offender given that he agreed to participate in individual drug treatment and the most intensive drug testing regimen. The Court agreed with this officer's recommendation.

On 3/3/2005, a Report on Offender Under Supervision notified the Court that the offender: 1) refused to submit to drug testing on 12/20/2004 and 1/25/2005, and refused to participate in drug treatment on 12/22/2004 and 1/19/2005; and 2) submitted urine specimens on 2/9/2005 and 2/13/2005 which tested positive for methamphetamine and amphetamine. This officer recommended that the Court not take action against the offender given that he agreed to enter residential drug treatment at Salvation Army's Adult Rehabilitation Center (ARC). The Court agreed with this officer's recommendation.

From 2/17/2005 until clinically discharged on 8/17/2005, the offender participated in residential drug treatment at ARC. Upon completion, the offender returned to his mother's Ewa Beach residence and subsequently secured employment. Additionally, the offender immediately renewed his relationship with his prior girlfriend. While the offender's girlfriend was not a felon, she was unemployed and maintained an off-and-on relationship with her children's father, a reported felon. This officer recommended the offender discontinue his relationship with the girlfriend given that she did not appear supportive of his recovery. In this regard, the offender's girlfriend was unemployed, "chose" to be unemployed, wanted the offender to financially support her, and would not participate in services with the offender through ARC.

Prob 12B
(7/93)

3

The offender continued his relationship with his girlfriend despite this officer's recommendation.

On 2/21/2006, the offender's mother reported that she contacted the Honolulu Police Department (HPD) to remove the offender's girlfriend from her residence. The offender's mother indicated that prior to contacting HPD, the offender and his girlfriend got into an argument which escalated to the point where the offender's girlfriend began throwing household items. When the offender's mother tried to intervene, the offender and his girlfriend argued with the offender's mother. The girlfriend also refused to leave the residence and indicated that she could hurt the offender's mother. HPD subsequently ordered the offender and his girlfriend to leave the residence. The offender's mother advised this officer that she was concerned that the offender was using drugs given that he had been missing work. She also advised this officer that the offender would not be allowed to reside with her.

Subsequently, this officer contacted the offender and questioned him about the incident at his residence. The offender downplayed the event and described it as a "little argument." The offender was instructed to stay away from his mother's residence and to report to the office the following morning.

On 2/22/2006, the offender's sister contacted this officer and reported that she was concerned that the offender had returned back to using drugs. Specifically, she reported that as in the past, the offender appeared "gaunt" in the face. She also noted that the offender was not going to work.

On 2/22/2006, the offender and his girlfriend reported to the Probation Office as directed. This officer questioned the offender regarding the 2/21/2006 incident at his mother's residence. The offender admitted that he argued with his mother and that his mother and girlfriend got into a shouting match. He also acknowledged that he also yelled at his mother. When questioned as to why he was missing work, the offender reported that he would return the next day. The offender's girlfriend also acknowledged that when "challenged" by the offender's mother, she indicated that she would hurt the offender's mother. This officer questioned the offender's girlfriend regarding her unemployment status. The girlfriend indicated that she was not interested in finding employment. Subsequently, this officer advised the offender that if he did not dissolve his relationship with his girlfriend, he could not return to his mother's residence and needed to find a new residence. The offender agreed and indicated that he would live with his brother.

This officer further advised the offender that given his current circumstances and the fact that he could not provide sufficient reason as to why he had been missing work, this officer was concerned that the offender may have returned to drug use. The offender denied that he was using drugs. Subsequently, the offender agreed that he would submit to random drug testing by this officer. The offender further agreed that should he test positive for illicit drugs, he would return back to substance abuse treatment.

Prob 12B
(7/93)

4

In support of the recommended modification, this officer notes that since his release from ARC in August 2005, the offender has not been tested for illicit drugs pursuant to <u>U.S. v. Stephens</u>.  Given the offender's current situation and his history of substance abuse, the recommended modification will allow this officer to address the offender's risk to the community and his continued rehabilitation efforts.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision.  The offender waives his right to a hearing and to assistance of counsel.  The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modification and have no objections.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 3/9/2006

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[  ]    Other

HELEN GILLMOR
Chief U.S. District Judge

MAR 1 3 2006

_____
                    Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

      I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

      I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[   ]   To extend the term of supervision for  years, for a total term of  years.
[ ✓ ]   To modify the conditions of supervision as follows:

    **General Condition:**      *That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).*

    **Special Condition No. 1:**      *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
DARRICK PALENCIA
Supervised Releasee

_____
2/25/06
Date

PROB. 12B
(7/93)

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 23 2006

at ____ o'clock and ____ min ____M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  DARRICK PALENCIA          Case Number:  CR 01-00056HG-01

Name of Sentencing Judicial Officer:    The Honorable Helen Gillmor
                                        Chief U.S. District Judge

Date of Original Sentence:  9/26/2001

Original Offense:    Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:   46 months of imprisonment followed by 3 years of supervised
                     release.  The following special conditions were ordered:  1) that the
                     defendant participate in a substance abuse program, which may
                     include drug testing at the discretion and direction of the Probation
                     Office; 2) that the defendant is prohibited from possessing any
                     illegal or dangerous weapons; 3) that the defendant provide the
                     Probation Office access to any requested financial information; and
                     4) that the defendant is prohibited from incurring credit charges and
                     lines of credit without the prior approval of the Probation Office; and
                     5) that the restitution of $352 is due immediately to American
                     Savings Bank, 915 Fort Street Mall, 7th Floor, Honolulu, Hawaii
                     96813, Attention:  Bert Corniel, and that any remaining balance
                     upon release from confinement be paid during the period of
                     supervision on an installment basis according to the collection
                     policy of the Probation Office but at a rate of not less than
                     10 percent of his gross monthly income.  Interest, if applicable, is
                     waived while the defendant is serving his term of imprisonment and
                     shall commence to accrue on any remaining balance upon his
                     release on supervision.

Type of Supervision:  Supervised Release       Date Supervision Commenced: 6/17/2004

### PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

Prob 12B
(7/93)

2

**Special Condition No. 6**: That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

## CAUSE

On 10/9/2004, a Report on Offender Under Supervision (Probation Form 12A) notified the Court that the offender failed to pay at least 10 percent of his gross monthly income in accordance with the collection policy of the Probation Office for the months of June 2004, August 2004, and September 2004. This officer recommended that the Court not take action against the offender given that he was employed full-time, was compliant with drug testing and drug treatment, and appeared sincere about complying with the supervision requirements. Subsequently, the offender satisfied his Court-ordered restitution on 11/15/2004.

On 12/22/2004, a Report on Offender Under Supervision notified the Court that on 12/18/2004, the offender admitted that he smoked crystal methamphetamine on 12/15/2004. This officer recommended that the Court not take action against the offender given that he agreed to participate in individual drug treatment and the most intensive drug testing regimen. The Court agreed with this officer's recommendation.

On 3/3/2005, a Report on Offender Under Supervision notified the Court that the offender: 1) refused to submit to drug testing on 12/20/2004 and 1/25/2005, and refused to participate in drug treatment on 12/22/2004 and 1/19/2005; and 2) submitted urine specimens on 2/9/2005 and 2/13/2005 which tested positive for methamphetamine and amphetamine. This officer recommended that the Court not take action against the offender given that he agreed to enter residential drug treatment at Salvation Army's Adult Rehabilitation Center (ARC). The Court agreed with this officer's recommendation.

On 3/14/2006, the Court modified the offender's supervised release conditions as follows:

**General Condition:**    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug

Prob 12B
(7/93)

3

tests per month during the term of supervision (mandatory condition).

**Special Condition No. 1:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

The modifications were to address this officer's concern regarding the offender's: 1) tenuous relationship with his girlfriend; 2) unstable work hours; and 3) sobriety from illicit drug use.

Since 3/14/2006, the offender violated the terms of his supervision as follows:

**Violation No. 1:  Urine specimen submitted on 4/11/2006 tested positive for methamphetamine and amphetamine, and admission of methamphetamine use on 4/9/2006:**

On 4/11/2006, the offender reported to the Probation Office as instructed. The offender submitted a urine specimen which tested positive with a non-instrumented drug testing device (NIDT) kit. Because positive results with the NIDT kits are considered "presumptive positive results," the urine specimen was sent to Scientific Testing Laboratories, Inc. (STLI) for confirmation testing.

Thereafter, this officer questioned the offender regarding the urine test result. The offender admitted that he had been using methamphetamine for approximately one month. Additionally, the offender admitted that he last used methamphetamine on 4/9/2006. Upon further questioning, the offender related that he started using methamphetamine to keep him awake at night while at work at WalMart. In this regard, the offender reported that while waiting at his bus stop in Ewa Beach, he would purchase "ice" from unknown loiterers in the area and smoke the drug before boarding the bus to work. The offender further related that although he has the opportunity to sleep during the day, his mother's home is always busy because someone is always home. This officer informed the offender that he was in violation of his supervision and that the Court would be notified.

On 4/21/2006, STLI informed this officer that the offender's 4/11/2006 urine specimen was positive for methamphetamine and amphetamine.

On 5/4/2006, the offender reported to the Probation Office as instructed. The offender was advised that he would be placed back into substance abuse treatment and testing at Hina Mauka - Waipahu. The offender was also advised that in light of his drug use, this officer would request the Court to modify his supervised release conditions to include a search condition. The offender agreed to the modification.

Prob 12B
(7/93)

4

Please be advised the offender is entitled to a hearing and counsel before this new condition is imposed. However, a signed Waiver of Hearing to Modify Conditions of Probation/Supervised Release is attached. The offender waives his right to a hearing and to assistance of counsel. He further agrees to the modification of the conditions of supervision. The U.S. Attorney's Office and the offender's counsel, Assistant Federal Public Defender Loretta Faymonville, have been notified of the proposed modification and have no objections.

Please also be advised that should the offender continue to abuse illicit drugs and/or fail to report for drug treatment and/or drug testing, Court action will be requested.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 5/8/2006

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[ ]    Other

one more missed test or positive, bring him back to Court

HELEN GILLMOR
Chief U.S. District Judge

5·17·06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for  years, for a total term of  years.
[ ✓ ]   To modify the conditions of supervision as follows:

**Special Condition No. 6:**     *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

Witness: _____        Signed: _____
DEREK M. KIM                                      DARRICK PALENCIA
Senior U.S. Probation Officer                     Supervised Releasee

5/4/06
_____
Date